UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:21CV-18-JHM

**CHRISTA SCHRIBER**                                                                                                      **PLAINTIFF**

v.

**CHILD PROTECTIVE SERVICES-
PROTECTION & PERMANENCY OF KY** *et al.*                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Christa Schriber initiated this *pro se* action. She also filed an application to proceed without prepayment of fees (DN 9). Upon consideration, **IT IS ORDERED** that the application (DN 9) is **GRANTED**.

### I. SUMMARY OF ALLEGATIONS

Plaintiff filed the complaint on a form for filing a civil case alleging breach of contract. She names as Defendants Child Protective Services-Protection & Permanency of Kentucky (hereinafter "CPS"); Amy Mathis, identified as a "Family Services Office Supervisor"; Tracy Sturgill, a case worker; and Heather Cann, a "Service Region Administrator." In the "Statement of Claim" section of the form, Plaintiff states that she entered into a written contract with the [CPS] on November 30, 2020. Where the form requests the filer to state what the parties were required to do under the contract, Plaintiff states the following:

> Respondent has the duty to protect my constitutional rihts and restore back what has been taken away. Respondents prompt attention, response, production to respond by providing said necessary Proof of Claims all to be verified, be in writing and postmarked within 72 hours of being served, withdraw and discharge the case with prejudice, return to the claimant what they have taken from them, remove the claimants name for the central registry pay $10,000 per day to claimant until they remove the claimants name from cental registry.

Where the form requests the filer to state why Defendant failed to comply, Plaintiff states, "The defendant failed to respond with a general response, nonspecific response or with specificities and facts and conclusions of common law."

In the "Relief" section, Plaintiff requests as follows:

> immediate return of what they have taken namely my children, discharge the case with prejudice, remove the undersigned name from the central registry. the claimant recover from the respondent actual compensatory damages to include $10,000 per day until all stipulations have been fulfilled in the contract since the day that respondent defaulted on the conditional acceptance for the agreement contract. Agency made contract out of court and a conflict interest that overrides all statues and codes government is obligated not to make any law. The contract has all the elements of ennforceable contract, there is an existence of enfoceable agreement, the contract clearly laid out the consequences there clearly was a meeting of the minds.

Attached to the complaint are numerous exhibits, including documents which purport to show that Plaintiff entered into a contract with CPS because she delivered a contract to CPS and it failed to respond and therefore agreed to the contract by acquiescence. She maintains that under the contract CPS agreed to withdraw a Henderson County Family Court case, return custody of Plaintiff's children to her, and pay her damages.

## II. ANALYSIS

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

2

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Federal courts have an independent duty to determine whether they have jurisdiction and to "'police the boundaries of their own jurisdiction.'" *Id.* at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. To satisfy this burden, the complaint must allege "the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

In the complaint, Plaintiff alleges breach of contract relying on diversity-of-citizenship jurisdiction. For a federal court to have diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity—which means that each plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff fails to establish diversity

3

jurisdiction as there is not complete diversity of citizenship since she and all three Defendants are citizens of Kentucky. *See* 28 U.S.C. § 1332.

Plaintiff also alleges that Defendants had a duty to protect her constitutional rights. To the extent that Plaintiff is asserting a constitutional violation, federal-question jurisdiction could provide a basis for the Court's jurisdiction. However, federal courts do not have jurisdiction to resolve domestic relations matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Catz v. Chalker*, 142 F.3d 279, 290 (6th Cir. 1998); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). "Rather, state courts have exclusive jurisdiction over these matters." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) (citing *Ankenbrandt*, 504 U.S. at 703-04). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relation issues." *Id*. (internal citations omitted). In determining whether the domestic relations exception applies, "we must focus on the remedy that the plaintiff seeks: Does the plaintiff seek an issuance or modification or enforcement of a divorce, alimony, or child-custody decree?" *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) (citation omitted); *see also Alexander v. Rosen*, 804 F.3d 1203, 1206 (6th Cir. 2015) (holding that domestic relations exception did not apply where the federal court was not required "to apply [state] child custody law, question the state's calculation of child support payments, or otherwise address the merits of the underlying dispute").

Turning to the relief sought in the instant case, as her prayer for relief, Plaintiff requests the return of her children and to "discharge the case with prejudice, remove the undersigned name from central registry." It is evident that Plaintiff seeks the modification of a child custody decree. To award Plaintiff the relief she seeks would require this Court to question the state

4

family court's determinations and address the merits of the family court proceeding. These considerations are what the domestic relations exception was designed to prevent. The Court therefore concludes that the domestic relations exception applies to this case, and the Court lacks subject-matter jurisdiction.

Furthermore, it is unclear whether the state-court proceeding is still pending or whether a final judgment has been entered. To the extent that Plaintiff seeks this Court's involvement in any on-going family court proceeding, the doctrine of abstention pursuant to *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008). *See Younger v. Harris*, 401 U.S. 37 (1971). The Sixth Circuit has enunciated three factors used to determine whether to abstain from hearing a case pursuant to *Younger*: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643. Assuming that there is an on-going judicial proceeding, the Sixth Circuit has recognized that the realm of domestic relations is an important state interest. *Kelm*, 44 F.3d at 420 ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*."). Further, Plaintiff has an adequate opportunity in the state proceeding to raise any constitutional challenges, as nothing bars her from appealing a family court order or judgment to the Kentucky Court of Appeals. Therefore, abstention is proper in this case.

To the extent that the state-court case has concluded, under the *Rooker-Feldman* doctrine, a federal district court may not hear an appeal of a case already litigated in state court. "A party raising a federal question must appeal a state court decision through the state system and then

directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)). Therefore, to the extent that Plaintiff is challenging the state court's decision in the family court action, the *Rooker-Feldman* doctrine bars such a claim.

Accordingly, this case must be dismissed for lack of subject-matter jurisdiction. The Court will enter a separate Order dismissing the action.[1]

Date: May 5, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
4414.010

---

[1] Because the Court lacks subject-matter jurisdiction, the Court will deny all pending motions as moot. However, the Court has reviewed all of Plaintiff's filings and finds that they support dismissal for lack of subject-matter jurisdiction.